PRYOR, Circuit Judge,
concurring,
in which CARNES, Circuit Judge, joins:
I concur fully in the panel opinion. I agree with the panel opinion that a defendant who removes a case under the first paragraph of subsection (b) of the removal statute, 28 U.S.C. § 1446(b), is entitled to file evidence to prove by a preponderance the amount in controversy under the Class Action Fairness Act. I write separately to explain why I doubt the validity of the related holding of Lowery v. Alabama Power Co. that district courts may not also allow post-removal discovery regarding the amount in controversy under the Class Action Fairness Act. 483 F.3d 1184, 1215-18 (11th Cir.2007). That view is inconsistent with Supreme Court precedent, the precedent of this Court, and hornbook law about federal practice.
The precedents of the Supreme Court and this Court have for several decades granted district courts wide discretion in determining how to resolve questions of jurisdiction. See U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79, 108 S.Ct. 2268, 2272, 101 L.Ed.2d 69 (1988); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2389 n. 13, 57 L.Ed.2d 253 (1978) (“[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.”); Gibbs v. Buck, 307 U.S. 66, 71-72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939) (“As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.”); Opelika Nursing Home, Inc. v. Richardson, 448 F.2d 658, 666-67 (5th Cir.1971). Our own precedent holds that a plaintiff who chooses a federal forum *775 “should be given the opportunity to discover facts that would support ... allegations of jurisdiction” and ordering “dismissal without affording the plaintiff any opportunity to proceed with reasonable discovery [is] premature and an abuse of the court’s discretion.” Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 (11th Cir.1984). As one of the leading treatises on federal practice explains, “[I]t has long been clear that discovery on jurisdictional issues is proper.” 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2009, at 124 & n.2 (2d ed.1994).
Our precedents have taken for granted that a defendant who removes a civil action has the same right that a plaintiff enjoys to conduct discovery about jurisdictional facts. See Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir.2006); Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir.2001); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 948-49 (11th Cir.2000); see also Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir.2005); Guillory v. PPG Indus., Inc., 434 F.3d 303, 311 (5th Cir.2005). That assumption is consistent with the well-established rule that a “defendant seeking removal can usually determine an appropriate range of damages through discovery.” 16 James Wm. Moore et al., Moore’s Federal Practice § 107.14[2][g][i][A] (3d ed.2007); see also id. § 107.14[2][g][v] (“If the jurisdictional amount is not facially apparent, the court should look to the removal notice and may require post-removal evidence relevant to the amount in controversy at the time of removal when determining whether the case is removable.”). This even-handed treatment, which places plaintiffs and removing defendants “on equal footing in seeking a federal courtroom,” makes eminent sense. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 703-04 (9th Cir.2007) (O’Scannlain, J., specially concurring) (discussing the burden of proof on jurisdictional facts). Any other rule ignores the fact that removing defendants, as much as plaintiffs, have a “statutory right” to a federal forum if they can prove the relevant facts. Id. at 703.
There is no reason to suspect that the Class Action Fairness Act, which “is silent on the matter,” altered any of these well-established procedures. Miedema, 450 F.3d at 1327-30 (holding that because the Act is silent as to which party bears the burden of establishing federal jurisdiction, the “well-established rule” that defendants bear the burden applies). At least one of our sister circuits has assumed that district courts may permit defendants to conduct discovery about jurisdictional facts under the Act, Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 690-92 (9th Cir.2006); cf. Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 682 (7th Cir.2006) (“[T]he plaintiffs have the right, through appropriate discovery, to explore the facts relevant to the court’s jurisdiction as the case progresses.”), and district courts have done so, see e.g., Rippee v. Boston Market Corp., 408 F.Supp.2d 982, 983 (S.D.Cal.2005). See also S.I. Strong, Jurisdictional Discovery in United States Federal Courts, 67 Wash. & Lee L.Rev. 489, 557 (2010) (“Jurisdictional discovery regarding subject matter jurisdiction might also be sought in class action suits pursuant to the Class Action Fairness Act (CAFA).”).
The contrary holding of Lowery has not been well received. One of the district courts in this Circuit has expressed its understandable confusion about “[t]he extent to which any post-removal discovery is permissible in a post -Loivery world,” and observed that “Loivery does not acknowledge the existence of Sierminski,” which the court found especially relevant. Wood v. Option One Mortg. Corp., 580 F.Supp.2d 1248, 1254-55 n. 5 (N.D.Ala.2008). Others have offset the severity of *776 the Lowery holding about discovery by taking a narrow view of the requirement that they not engage in “rank speculation,” Lowery, 483 F.3d at 1215 n. 67, when determining the amount in controversy. See Nelson v. Whirlpool Corp., 668 F.Supp.2d 1368, 1375-76 (S.D.Ala.2009); Roe v. Michelin N. Am., Inc., 637 F.Supp.2d 995, 1001-02 (M.D.Ala.2009). The discovery holding of Lowery has also been criticized in legal scholarship. See, e.g., Thomas M. Byrne, Class Actions, 59 Mercer L.Rev. 1117, 1123-26 (2008); Lonny S. Hoffman, Bum Up the Chaff with Unquenchable Fire: What Two Doctrinal Intersections Can Teach Us About Judicial Power over Pleadings, 88 B.U. L.Rev. 1217, 1249-50 & n.193 (2008); Michael W. Lewis, Comedy or Tragedy: The Tale of Diversity Jurisdiction Removal and the One-Year Bar, 62 SMU L.Rev. 201, 223-25 (2009); Jacob R. Karabell, Note, The Implementation of “Balanced Diversity” Through the Class Action Fairness Act, 84 N.Y.U. L.Rev. 300, 321-22 (2009). As one commentator stated, “The origins of the court’s bar on jurisdictional discovery are inscrutable. The court referred to Federal Rules of Civil Procedure 8(a) and 11 in support of its holding but cited no precedent for a prohibition on jurisdictional discovery after removal, and there is precedent to the contrary.” Byrne, supra, at 1124 (footnotes omitted); see also id. at 1126 (“The court’s refusal to permit any jurisdictional discovery and its four-corners-of-the-pleadings approach are an unwelcome relapse into legal formalism.”).
We eventually will have to revisit the holding of Lowery that jurisdictional discovery is unavailable to prove the amount in controversy. This appeal does not present that opportunity, but I do not doubt that the opportunity will come.