**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| WADE GRANT, on behalf on himself, all other persons similarly situated and the general public,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>CAPITAL MANAGEMENT SERVICES, L.P.,<br><br>        Defendant - Appellant. | No. 11-56200<br><br>D.C. No. 3:10-cv-02471-WQH-BGS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 31, 2011**
Pasadena, California

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Capital Management Services, L.P. appeals from the district court's order

granting Wade Grant's motion to remand his class complaint alleging causes of

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action under the federal Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*) and the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*). We have jurisdiction pursuant to 28 U.S.C. § 1453(c)(1). We reverse.

Because neither the size of the proposed class nor the total amount in controversy was apparent from the face of the class complaint, CMS need only show by a preponderance of the evidence that Grant's action places more than $5,000,000 in controversy and implicates a class with greater than 100 members. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

The TCPA prohibits persons from (1) making "any call," (2) "using any automatic telephone dialing system or an artificial or prerecorded voice," (3) "to any telephone number assigned to a . . . cellular telephone service . . . ." *See* 47 U.S.C. § 227(b)(1)(A).[1] CMS submitted the Florczak declaration which stated that a review of the company's databases by its executive vice president of information technology using technology designed to distinguish cell phone numbers from land lines had revealed that CMS had (1) made over 10,000 calls to numbers assigned to

---

[1] Calls otherwise in violation of the TCPA are not unlawful if made "for emergency purposes or made with the prior express consent of the called party," 47 U.S.C. § 227(b)(1)(A); however, "express consent" is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof. *See* 23 F.C.C.R. 559, 565 (Dec. 28, 2007) ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.").

California cell phones and (2) placed calls to more than 1,000 phone numbers identified with a unique debtor residing in California.  ER 10-11, 13-15.  Given that Grant's complaint alleges that each call in violation of the TCPA would incur no less than $500 in damages and that CMS presented evidence establishing that it made over 10,000 calls to cellular phone numbers, CMS has shown that Grant "is seeking recovery from a pot that . . . could exceed $5 million and [Grant] has neither acknowledged nor sought to establish that the class recovery is potentially any less."  *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010); *Chabner v. United of Ohama Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that courts may consider statutory damages, including treble damages, for purposes of calculating amount in controversy).  By presenting the Florczak declaration and its addendum, CMS has "explained plausibly how the stakes exceed $5 million" and how the proposed class exceeds 100 members.  *Lewis*, 627 F.3d at 401 (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

In remanding the case due to CMS's failure to present evidence that it used an automated dialing system in connection with the calls averred to in the Florczak delcaration, the district court effectively required that CMS admit liability under the TCPA to remove the case to federal court—a result that is incompatible with

*Lewis*. *See* 627 F.3d at 400 (holding that a party "need not concede liability" to remove a case to federal court under CAFA.) In the absence of any evidence to the contrary from Grant, CMS presented sufficient evidence to carry its burden of proving that Grant's action satisfied CAFA's numerosity and amount in controversy requirements and the district court erred in ruling otherwise.

We therefore reverse and remand to the district court for further proceedings consistent with this disposition.

REVERSED.