Estella F. HUGHES, Plaintiff,

v.

Robert FOSDICK, Lincare, Inc., Lincare Holdings, Inc., et al., Defendants.

Case No. 14–cv–05350–NC

United States District Court, N.D. California.

Signed April 29, 2015

the Court agrees that defendants have not met their burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5 million, the Court GRANTS Hughes' motion to remand.

## I. BACKGROUND

In September 2013, plaintiff Estella Hughes sued her former employers, defendants Lincare, Inc., Lincare Holdings, Inc., and Robert Fosdick, alleging a variety of state law claims including workplace harassment and discrimination. Dkt. No. 1 at Exhibit A. In June 2014, Hughes amended her complaint to include additional claims for failure to reimburse work-related expenses, and in November 2014, Hughes again amended to assert two causes of action on a class-wide basis. *Id.* at Exhibits B, C. Specifically, Hughes claims that defendants violated the California Labor Code § 2802 by failing to adequately reimburse class members for travel mileage in performance of their duties between May 21, 2010 and present. *Id.* at Exhibit C. Defendants filed their answer to the Second Amended Complaint in state court, then timely removed the action to federal court. *Id.* at Exhibits D, E.

Defendants base their original federal court jurisdiction on the Class Action Fairness Act ("CAFA"). Defendants state that Lincare, Inc. is incorporated in Delaware and has its principal place of business in Florida. Dkt. No. 1 at 17. Hughes is a citizen of California. *Id.* at Exhibit C ¶ 2. Defendants have identified more than 100 putative class members. *Id.* at 12. Additionally, defendants state that the amount in controversy requirement is met based on Hughes' mileage in controversy, extrapolated to all of Lincare's California employees. *Id.* at 8–11.

In January 2015, Hughes filed a motion to remand to state court, arguing that the

Christopher Edward Panetta, Fenton & Keller A Professional Corporation, Monterey, CA, Larry W. Lee, Diversity Law Group, P.C., Los Angeles, CA, for Plaintiff.

Brian F. Van Vleck, Daniel John Turner, Van Vleck Turner Zaller LLP, Los Angeles, CA, for Defendants.

### ORDER GRANTING MOTION TO REMAND

Re: Dkt. No. 13

NATHANAEL M. COUSINS, United States Magistrate Judge

Before the Court is Hughes' motion to remand this action to state court. Because

amount in controversy is less than the $5 million threshold required by CAFA. Dkt. No. 13. After receiving briefing from both parties, the Court requested supplemental briefing and ordered the defendants to provide evidence supporting their assumptions that all Lincare California employees drove for work-related purposes. Dkt. No. 23. In their supplemental brief, defendants provided a declaration from Lincare's Accounts Payable Manager, Shelley Cunningham, with her calculations for the average number of miles driven per employee during a sample six month period. Dkt. No. 27–1. The Court held a hearing on March 18, 2015, and subsequently ordered defendants to submit a second supplemental brief. Dkt. Nos. 34, 35. Defendants submitted evidence that approximately 125 employees submitted mileage reimbursements, and the average employee mileage travel per month over the entire contested period. Dkt. No. 36.

## II. LEGAL STANDARD

██ Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

██ In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't*

*of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, —— U.S. ——, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014). Instead, defendants bear the burden to prove by a preponderance of the evidence that the jurisdictional threshold has been met. *Id.* at 554.

## III. DISCUSSION

CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorized a more liberal removal procedure than typically applies to cases of diversity jurisdiction: the one-year limitation on removal is waived, complete diversity between the parties is not required, and the case may be removed by any defendant without the consent of co-defendants. 28 U.S.C. §§ 1441(a), 1453(b).

The parties do not contest that the potential class consists of more than 100 Lincare employees. Dkt. No. 36. Additionally, Hughes is a citizen of California and defendants are citizens of Delaware and Florida, so the minimal diversity requirement is met. Dkt. No. 1 at 17, Exhibit C. However, Hughes argues that the amount in controversy is less than $5 million. Dkt. No. 13.

■ "In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir.2015). Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

In the complaint, Hughes identifies the class as "all current and former employees who worked for Defendant Lincare at any time during the period of time from May 21, 2010, to the present, in the State of California." Dkt. No. 1, Exhibit C at ¶ 29. In addition, Hughes seeks to certify two subclasses, employees during that same time period in California who (1) sought reimbursement for mileage expenses, and (2) were reimbursed for mileage expenses from defendants. *Id.* at ¶ 30. On behalf of the class, Hughes alleges Lincare violated California Labor Code § 2802 for failure to reimburse class members for travel mileage in performance of their duties. *Id.* at ¶¶ 115–119. Additionally, Hughes alleges Lincare engaged in unfair and unlawful business practices in California for the alleged labor code violation. *Id.* at ¶¶ 124–128. The complaint does not state the amount in controversy, nor any facts from which the Court can draw a reasonable inference, such as the class size, mileage travelled per person, or alleged value of underpaid miles per person.

■ In the absence of an amount in controversy stated in the complaint, the defendant bears the burden to establish the amount in controversy at removal. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir.2013). A removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554 (2014). A defendant's amount in controversy allegation "should

be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. If "defendant's assertion of the amount in controversy is challenged ... both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

Here, defendants plausibly alleged the amount in controversy in the notice of removal. Defendants assert that they have identified 830 Lincare employees in California from May 21, 2010 to present. Dkt. No. 1 at Reichard Delc. ¶ 4. Using Hughes as a sample, defendants identify that she drove 40,189 miles during the seventeen months she was employed, an average of 2,364 miles per month. Defendants assert that even if all other potential class members only drove 80% of Hughes' miles and were seeking a reimbursement of $.20 per mile, the amount in controversy requirement would be met. *Id.* at 8–10. Additionally, defendants include an attorney's fees award estimate of 25% of the amount in controversy, added to the reimbursement. *Id.* at 10. Defendants' allegations are sufficient to meet the low pleading standard for removal claims under CAFA. However, because Hughes challenges defendants' calculations, the Court may examine parties' submissions beyond the complaint and notice of removal to determine if defendants have met their burden to demonstrate that the amount in controversy exceeds $5 million.

Plaintiff's class action claims require the Court to consider a minimum of three facts to determine the amount in controversy: (A) the number of individuals who have driven for Lincare in California from May 21, 2010 to present (members of the putative class); (B) the number of miles those individuals drove for Lincare during that time period; and (C) the amount per mile driven that plaintiffs seek to be reimbursed for (or the difference between their actual expenses and the amount Lincare paid per mile). The Court considers the evidence presented on all three factual allegations and weighs the defendants' and plaintiff's assertions for each fact, then addresses the additional attorney's fees.

## A. Members of Putative Class and Number of Miles Driven

Hughes challenged the defendants' assumption that (1) all employees of Lincare at the time would be part of the class (i.e., that they drove cars for Lincare and sought reimbursement), and (2) that the qualifying class members drove as many miles as Hughes. Dkt. No. 13. Hughes notes that the first two factual requirements for calculating the amount in controversy, the number of individuals in the class and the number of miles they drove for Lincare, are documents solely within defendants' possession. Dkt. No. 30 at 2. Hughes has presented evidence that defendants require employees to submit monthly business miles logs. Dkt. No. 30 at Hughes Decl. ¶ 4.

Defendants did not immediately provide information regarding these first two factual issues. Therefore, after a hearing on the remand motion, the Court ordered defendants to provide more specific information about the evidence within their possession. Dkt. No. 36. Specifically, the Court requested (1) the total number of putative class members for each month in the sample period, and (2) the number of putative class members who submitted mileage reimbursements. Dkt. No. 35. The defendants did not provide the Court this information. Dkt. No. 36.

■ The Court gave defendants two opportunities to provide the evidence within their possession to substantiate their claims that the amount in controversy requirement is met beyond their opposition to remand brief. Dkt. Nos. 23, 35. The Court finds that the removal notice is conclusory, and defendants' subsequent calculations do not support that the amount in controversy exceeds $5 million. The defendants have identified approximately 125 employees who submitted mileage reimbursement. Dkt. No. 36 at Cunningham Decl. ¶ 3–4. In total, defendants claim those employees traveled 10.6 million work-related miles. *Id.* Defendants include averages and no evidence substantiating these conclusions. *Id.* Thus, the Court has limited information as to how defendants obtained and calculated the end product of their investigation as to potential liability.

## B. Amount Per Mile In Controversy

The number of miles alone is not sufficient to determine the amount in controversy. The Court must still multiply the amount of miles travelled by the amount per mile that plaintiff seeks to recover. The complaint alleges that the defendants' reimbursement policy is in violation of the California Labor Code § 2802. Plaintiff provides evidence that defendants have a policy of reimbursing employee miles on a sliding scale. Dkt. No. 30 at Hughes Decl. ¶ 3. Lincare employees are reimbursed $0.31 per mile for the first 1,636 miles per month, $0.16 per mile for any miles driven between 1,637 and 2,000 per month, and not reimbursed for any mileage above 2,000 miles per month. *Id.* Defendants have not presented any evidence to the contrary. Hughes does not state the

amount per mile she and the class seek to be reimbursed by defendants. However, Hughes alleges that the defendants' reimbursement rates fall short of the IRS guidelines, which recommends reimbursement of $0.50/miles (2010), $0.51/mile (2011), $0.555/mile (2012), $0.565/mile (2013), $0.56/mile (2014), and $0.575/mile (2015). Dkt. No. 30.

Despite a hearing and multiple opportunities for briefing, the parties have not presented the Court with evidence of (1) how many miles driven by Lincare employees were reimbursed at which rate, or (2) how many cents per mile plaintiffs allege they were entitled to. Based on the evidence submitted, the amount in controversy requirement has not been met. The defendants calculate that on average, Lincare employees drive under 1,636 miles per month, which places the average reimbursement within Lincare's policy of compensating at the $0.31/mile. Dkt. No. 26–1 at 2. Assuming the putative class seeks reimbursement based on the IRS guidelines, and generously granting that they argue for the 2015 reimbursement rate, plaintiffs would seek $0.265/mile. When multiplied by the total number of miles defendants state that plaintiffs drove, 10,-634,688, the amount in controversy would be $2,818,192.32.

### C. Attorneys' Fees

■ Defendants argue that a 25 percent attorneys' fees calculation should be added to the reimbursement amount in controversy because Hughes seeks to recover reasonable attorneys' fees. Dkt. No. 1 at 10. Under CAFA, the Court can include potential attorneys' fees in determining the amount in controversy, if sought by the plaintiff. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir.2007). To calculate this value, the Court considers the amount of attorneys' fees the plaintiff could reasonably be awarded. *Id.* In the class action settle-ment context, the Ninth Circuit has found that a 25 percent of the common fund is a reasonable attorneys' fees award. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir.1993). Thus, the Court concludes that defendants' estimate of an additional 25 percent of the mileage reimbursement value is reasonable.

Including the additional 25 percent, the Court determines that the total amount in controversy is $3,522,740.40. This falls far short of the $5 million requirement under CAFA. Therefore, the Court concludes that the defendants have not met their burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5 million.

### IV. CONCLUSION

Plaintiff's motion to remand is GRANTED. The Court orders the case remanded back to the Superior Court of California, County of Monterey.

**IT IS SO ORDERED.**