**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



JUN 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL NATHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>FRY'S ELECTRONICS INC.; et al.,<br><br>Defendants - Appellees. | No. 13-55920<br><br>D.C. No. 2:12-cv-08677-PSG-GW-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted June 2, 2015[**]
Pasadena, California

Before: FERNANDEZ, FISHER, and BEA, Circuit Judges.

Michael Nathan appeals the district court's dismissal of his complaint for

failure to state a claim upon which relief can be granted, pursuant to a motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

dismiss on those grounds filed by defendants Fry's Electronics, Inc., Vladimir Pleskov, Syed Fahad, and Nuance Communications, Inc (collectively, "Nuance").[1] We affirm.

The district court correctly determined that it had jurisdiction over this putative class action pursuant to the Class Action Fairness Act ("CAFA"). The parties agree that minimal diversity exists, as Nathan is a California citizen and Nuance Communications is a Delaware corporation whose principal place of business is Massachusetts. Nathan contests, however, whether the amount in controversy exceeds $5 million. Nathan's state court complaint included claims on behalf of a putative "Plaintiff Class" of all persons who purchased Nuance Communications's Dragon speech recognition software in California since August 1, 2008. When Nuance Communications filed its notice of removal pursuant to CAFA, it attached an affidavit from a Senior Vice President which stated that Nuance Communications's sales in California during the relevant time period exceeded $5 million. No contrary evidence was proffered. Thus, Nuance established by a preponderance of the evidence that the total amount in controversy

---

[1] Nathan presents no legal argument contesting the entry of judgment against him on his claims against Judge Gutierrez and the United States District Court for the Central District of California. That issue is thereby waived.

2

exceeds the jurisdictional minimum, and federal jurisdiction exists. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

We turn to Nathan's appeal of the district court's denial of Nathan's motion for entry of default. Nuance argues that this court lacks jurisdiction to review the district court's ruling because that ruling was not a final order. Nuance is wrong. The denial of Nathan's motion for default constitutes an interlocutory order. Upon entry of final judgment, "the interlocutory order merges in the final judgment and may be challenged in an appeal from that judgment." *United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1141 (9th Cir. 2008) (quoting *Baldwin v. Redwood City*, 540 F.2d 1360, 1364 (9th Cir. 1976)).

On the merits, the district court did not abuse its discretion when it denied Nathan's motion for default. The district court docket confirms that the clerk did not act on the request for entry of default until after Nuance's motion to dismiss Nathan's complaint had been filed. Nuance's motion to dismiss Nathan's complaint meant the defendants had not failed to file and serve a responsive pleading before the request for default was acted upon. Thus, the district court did not abuse its discretion by denying Nathan's motion for entry of default.

Nathan did not challenge before the district court, nor does he challenge here, the substance of the district court's ruling granting Nuance's motion to dismiss his complaint,. Accordingly, we affirm the district court's dismissal of Nathan's complaint. *See G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 648–49 (9th Cir. 1978). The district court's entry of judgment for the defendants is

AFFIRMED.